SHEPHERD, Circuit Judge,
dissenting.
The courts of appeals typically do not care how parties invoke Rule 28(i). See, e.g., United States v. Isgar, 739 F.3d 829, 834 n.1 (5th Cir. 2014) (allowing adoption by both motion and letter). This is likely because, as apparent from cases the majority cites, a party’s decision to adopt the arguments of a co-party ordinarily is not met with opposition or controversy. Here, however, there is a genuine dispute between opposing parties, which has brought the court’s attention to the need for clarity as to Rule 28(i)’s limited scope. That need is neglected in the court’s Order amending the opinion. I therefore respectfully dissent.
Olson’s letter — erroneously labeled in the docket as a “28(j) citation” — in fact invoked Federal Rule of Appellate Procedure 28(i), apparently as a matter of unfettered right, in order to adopt new issues that Olson’s principal brief intentionally abandoned. See Appellant’s Br. 21. Incorporation in this case not only allows Olson to expand the issues he presents for review in his previously filed brief, it also condones the violation of rules governing word limits and filing deadlines, all without permission of the court. For the reasons that follow, I conclude that Olson’s invocation of Rule 28(i) was insufficient to preserve the issues of self-dealing and attorneys’ fees, and I would therefore deny Olson’s motion.
First, while Rule 28(i) allows parties to adopt each other’s appellate arguments in some circumstances, it should not be read to allow a party to multiply the issues that his briefing raises for review. In United States v. Bohmont, Appellant Inmon set forth only two issues in his brief and filed a separate statement adopting the entirety of Co-Appellant Bohmont’s brief, which included additional issues. 413 Fed.Appx. 946, 949 n.4 (8th Cir. 2011). The court remarked:
We construe [Inmon’s] statement as an effort by Inmon pursuant to Federal Rule of Appellate Procedure 28(i) to adopt the factual and legal arguments made in Bohmont’s brief with respect to the two specific issues listed by Inmon for review, and we permit it. We will not permit the adoption statement to expand the listing of the two specific issues set out in Inmon’s formal Statement of the Issues to include the other issues listed by Bohmont in his Statement of Issues.
Id. (emphasis added).
Here, Olson seeks to expand the two issues stated in his principal brief — class certification and the appeal bond — to include two entirely different issues raised by Sciaroni — self-dealing and attorneys’ fees. Under Bohmont, this effort should fail; Olson should only be allowed to adopt those arguments of Sciaroni’s that relate to class certification and the appeal bond.
Second, Rule 28(i) should not be used to undertake end-runs around other procedural rules. Consider, for instance, Rule 32(a)(7)(B)(i), which set forth a 14,000-word limit-on principal briefs at the time Olson’s principal brief was filed.[2] Olson’s *919 brief is certified as containing 13,909 words, excluding the parts that are exempted from the word limit — only 91 words short of the limit. If Olson is permitted to incorporate the relevant issues and accompanying arguments in Sciaroni’s brief by means of Rule 28(i), he will effectively evade Rule 32(a)(7)(B)(i). The Federal Circuit addressed this issue in Microsoft Corp. v. DataTern, Inc., where the court held that Rule 28(i) “cannot be used to exceed word count,” as such use would be “fundamentally unfair” to the other parties. 755 F.3d 899, 910 (Fed. Cir. 2014).
Another .rule vulnerable to Olson’s use of Rule 28(i) is Rule 31(c), which sets forth the consequences of a party’s failure to timely file a brief. Appellants’ principal briefs were due April 7, 2016. One week later, Olson filed the 28(i) letter, adopting substantial new issues that he intentionally excluded in his principal brief. Had Olson’s representatives missed the April 7 deadline in order to assert the issues and arguments themselves, the consumer-plaintiffs would have had grounds to request dismissal of Olson’s appeal. See Fed. R. App. P. 31(c). Olson’s invocation of Rule 28(i) therefore allowed him to raise untimely issues without risking the consequences of filing a late brief. At a minimum, counsel should have sought leave of the court to expand the issues after the filing deadlines terminated. This would have satisfied the default procedural rules, see Fed. R. App. P. 27(a)(1), and invited the court to consider whether Rules 31 and 32 (and any other applicable rules) should yield to Olson’s wish to multiply the issues in his appeal.
In sum, Rule 28(i) is meant to augment, not undermine, the procedural rules governing appellate briefs. It is not a source of unlimited recourse for parties such as Olson who omit issues and fail to abide by those rules. To avoid unduly expanding Rule 28(i), and to preserve the integrity of other applicable rules, I would deny the motion to amend the opinion.

. Rule 32(a)(7)(B)(i) has since been amended to provide a word limit of 13,000.